DECISION
Plaintiff appealed the real market value of personal property and the late filing penalty assessed by Defendant for the tax year 2008-09. Subsequent to the appeal being filed, the parties reached an agreement as to the 2008-09 real market value of Plaintiff s personal property identified as Account P624290 as follows:
Noninventory Supplies $ 600
All Other Property $50,530
Total Real Market Value $51,130
Real Market Value — Exception $51,130
Assessed Value $51,130

Oral argument was held by telephone on April 20, 2010, for the parties to argue Plaintiffs requested waiver of the late filing penalty. Joe Alexander (Alexander), Enrolled Agent and Licensed Tax Consultant, appeared on behalf of Plaintiff. Richard Teague (Teague) appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
On May 13, 2009, Plaintiff was notified by Defendant that because it had failed to file timely personal property tax returns Defendant had added real market value to the tax roll for tax year 2008-09. Defendant also notified Plaintiff that a late filing penalty had been assessed. *Page 2 
(Def's Ltr at 2, May 13, 2009.) Alexander stated Plaintiff, which is owned and operated by individuals who own similar businesses, opened the business in 2008. He stated that Plaintiff "relied on a professional" to file all required tax returns. Alexander stated that the owners of the business did not know why the professional did not make the required personal property tax return filings. Alexander emphasized that there was no "intent" on the part of Plaintiff not to file personal property tax returns. He stated that because a penalty implies intent, and Plaintiff had no intent, all or a portion of the penalty should be waived.
Teague reviewed the statutory obligation of personal property owners operating businesses to file timely tax returns. He stated that the court's standard in allowing penalty waivers is good and sufficient cause. Teague stated that lack of knowledge or reliance on an agent does not meet the statutory definition of extraordinary circumstances to qualify as a showing of good and sufficient cause. He stated that Plaintiff's owners, who also own other businesses and have filed personal property tax returns since 1998, "should have been aware of their responsibility to file personal property tax returns." Teague requested that the court deny the penalty waiver request.
 II. ANALYSIS
Every person or business that owns taxable personal property is required to file a personal property tax return by March 1 of each year. ORS 308.290(1)(a).[1] If a required return is not filed, any taxpayer responsible for making the filing who has not done so "shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer." ORS 308.296(4). *Page 3 
In the case before the court, Plaintiff was notified that its property had been added to the tax roll. The Tax Court has authority to waive "the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS 305.422. A "showing of good and sufficient cause" requires that an extraordinary circumstance occurred that was "beyond the control of the taxpayer." ORS 305.288(5)(b).[2]
"Good and sufficient cause" specifically excludes lack of knowledge. The court has consistently held that a taxpayer's lack of knowledge does not permit a waiver of the personal property tax penalty. See, e.g., Yip v. Clackamas County Assessor, TC-MD No 060641C (Oct 31, 2006) (finding that plaintiff's "lack of knowledge of the filing requirement brings him outside the definition of good and sufficient cause, and precludes him from relief under ORS 305.422."); see also Cup of Joe v. Coos CountyAssessor, TC-MD No 060048E (Apr 6, 2006) (holding that the request for waiver of a personal property tax penalty was denied because the taxpayer was unaware that business personal property is taxable.). Further, "lack of knowledge of a taxpayer's agent does not permit the court to waive penalties when a taxpayer relies on a professional who, in turn, does not know the law, or who knew the law, but failed to notify a taxpayer of the filing requirement."Camrock Excavation, Inc. v. Multnomah County Assessor, TC-MD 070464D (June 18, 2007.) *Page 4 
In this case, although the outcome is very unfortunate, the circumstances do not fit within the statutory definition of good and sufficient cause.
 III. CONCLUSION
After careful consideration of the facts, the court concludes that Plaintiffs lack of knowledge, and the lack of knowledge or failure to carry out Plaintiffs responsibility by its professional advisor, do not constitute good and sufficient cause for failing to file the required personal property tax returns. Plaintiffs request to waive or reduce the amount of the assessed penalty is denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that the 2008-09 real market value, real market value — exception and assessed value of personal property identified as Account P624290 is $51,130: and
IT IS FURTHER DECIDED that Plaintiffs request to waive or reduce the amount of the assessed penalty is denied.
Dated this ___ day of June 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Presiding Magistrate Jill A.Tanner on June 4, 2010. The court filed and entered this Decisionon June 4, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007 and 2009.
[2] The term "good and sufficient cause" is not defined in ORS 305.422. The court in prior decisions has concluded that the definition of good and sufficient cause set forth in ORS 305.288(5)(b) is a useful guide. ORS 305.288(5)(b) provides that:
"(b) `Good and sufficient cause':
"(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."